**Alta Oveta MIMS et al., Plaintiffs,**

v.

**The DUVAL COUNTY SCHOOL BOARD, a body corporate, et al., Defendants.**

**No. 4598–Civ–J.**

United States District Court, M. D. Florida, Jacksonville Division.

June 23, 1971.

Drew S. Days, III, New York City, Norris D. Woolfork, III, Orlando, Fla., for plaintiffs.

Yardley D. Buckman, Jacksonville, Fla., for defendants.

## ORDER

TJOFLAT, District Judge.

The Court has before it a verified petition filed by the Superintendent of the Duval County Schools and the Sheriff of the City of Jacksonville for injunctive relief. (The petition is annexed as Ex-

hibit "A".) They allege that a concerted effort is being made to prevent the operation of Ribault Senior High School in accordance with the provisions of this Court's final judgment, as amended, of June 23, 1971, 329 F.Supp. 123. It is urged that unless the Court intervenes, the racial violence, or imminent threat thereof, to which the high school is being subjected will continue and perhaps reach even greater magnitude. The activities of Ribault High School students and certain outsiders set out in the petition constitute a deliberate attempt to prohibit the high school from functioning as a secondary educational institution and to frustrate the Duval County School Board in complying with the final judgment as it pertains to that school. By engaging in the conduct described in the petition, which the Court finds has occurred, a substantial number of students have caused extensive property damage to the school buildings; several students and at least one faculty member have been injured; the lives of some faculty have been threatened; and an organized attendance boycott is under way. These students have so conducted themselves despite the presence on the campus of law enforcement officers and the invocation of disciplinary measures, including suspension and expulsion proceedings, by the school administration. They have succeeded for the moment in eliminating meaningful and orderly instruction at Ribault. It is the apparent intention of these students—and they are being encouraged, if not directly assisted, by outsiders—that this state of affairs continue indefinitely.

The Court is satisfied that, unless all Ribault students, whether black or white, and others are enjoined from further disruptive conduct and disregard of the school's disciplinary authority, the institution cannot effectively operate and the provisions of the final judgment will be thwarted. The Court's power to intervene in circumstances such as those present here is clear. The Courts of the United States are empowered by Congress and, moreover, have the inherent power to enter such orders as may be necessary to enforce their judgments and decrees and to prevent interference with, and obstruction to, their operation. It is therefore

Ordered:

1. All students of Ribault Senior High School, whether in good standing or under suspension, and other persons acting independently or in concert with them and having notice of this order are hereby enjoined and restrained from

(a) Obstructing or preventing the attendance in classes of students and faculty members.

(b) Harassing, threatening or intimidating any faculty, staff member or employee of Ribault Senior High School or the Duval County School Board.

(c) Harassing, threatening or intimidating any student en route to and from school.

(d) Destroying or attempting to destroy, defacing or attempting to deface any structures, buildings, materials or equipment of Ribault Senior High School or the Duval County School Board.

(e) Committing any other act to disrupt the orderly operation of Ribault Senior High School or any other school of the Duval County School system.

2. Until further order of this Court, no person shall enter any building of the Ribault Senior High School or go upon the school's grounds except the following:

(a) Students of Ribault Senior High School while attending classes or official school functions.

(b) The faculty, staff, and administration of Ribault Senior High School and other employees of the Duval County School Board having assigned duties at the school.

(c) Persons having business obligations which require their presence on the school's premises.

(d) Parents of Ribault Senior High School students or any other person who has the prior permission of the principal

or his designee to be present on the school's premises.

(e) Law enforcement officials of the City of Jacksonville, the State of Florida or the United States Government.

3. The principal of Ribault Senior High School shall read this order to his student body over the public address system on Monday morning, March 6, 1972. The order shall be displayed on an appropriate bulletin board in the school as long as the order remains in effect. The principal and his staff shall make every effort to apprise every student of the contents of this order.

4. A copy of this order shall be mailed forthwith by the Superintendent to every Ribault Senior High School student now under suspension or expelled.

5. The petitioner Sheriff, or his authorized deputy, shall serve a copy of this order forthwith upon the following persons:

   (a) James Washington, 341 West State Street, Jacksonville, Florida.

   (b) Cliff Johnson, Jacksonville, Florida.

   (c) Eric Hall, 5129 Portsmouth Avenue, Jacksonville, Florida.

   (d) Malachi Bessent, 1766 McQuade, Jacksonville, Florida.

   (e) Albert Florence, 1450 Kings Road, Jacksonville, Florida.

   (f) Willie Marion Stokes, 112 Oak Street, Jacksonville, Florida.

   (g) Leford Tobias, Jr., 5041 Lincoln Court N., Jacksonville, Florida.

The Sheriff, or his authorized deputy, shall file with the Clerk an affidavit in proof of such service.

6. Anyone having notice of this order who violates any of the terms thereof shall be subject to arrest, prosecution and punishment by imprisonment or fine, or both, for criminal contempt under the laws of the United States of America. Alternatively, such person may be ordered to show cause why he should not be held in civil contempt, and

subjected to remedial orders of this Court which may include, among other provisions, imprisonment or fine, or both.